THE STATE *v.* WOFFORD, 10 Smedes & Marshall, 627.

### FORFEITURE OF RECOGNIZANCE.

The judges of the courts of this state, by the constitution, by virtue of their offices, are conservators of the peace. And within the duties and powers of general conservators of the peace is included the power to commit all breakers of the peace, or to bind them in recognizance to keep it, or to answer for offenses committed against it.

Appeal from the Marshall circuit court. ADAMS, J.

In this case a recognizance was taken by the vice chancellor, conditioned that James Wofford should appear at the next term of the circuit court to answer a charge of stealing a slave. Wofford did not appear; judgment *nisi* was taken, and, on return of the *scire facias*, the recognizance was quashed, on motion of the sureties, on the ground that the vice-chancellor had no jurisdiction to take the recognizance, and the district attorney appealed.

*J. D. Freeman*, attorney general.

The law establishing the vice-chancery court, makes the vice-

chancellor a conservator of the peace. As such, he is clearly authorized to take a recognizance in a criminal case, otherwise his authority to conserve the public peace would be inoperative.

THACHER, J.:

The single question presented in this case is, whether the vice-chancellor is authorized by law to take the recognizance of a person charged with a criminal offense. The act of the legislature, establishing an inferior court of chancery in the northern part of the state, (Acts of 1842, ch. 3, § 3,) constitutes the vice-chancellor a conservative of the peace. This is but a legislative iteration of the constitution, which provides that the judges of all the courts of the state shall, in virtue of their offices, be conservators of the peace. Const. art. 4, § 22. Within the duties and powers of general conservators of the peace, from the earliest periods, have been included the power to commit all breakers of the peace, or to bind them in recognizances to keep it, or to answer for offenses committed against it.

The judgment of the court below must be reversed, the motion directed to be overruled, and the cause remanded.