INERARITY v. A. S. WADE & Co.*

(Division A.   Feb. 1, 1926.)

[106 So. 828.   No. 25251.]

1. MECHANICS' LIENS.   *Suit may be brought within one year from date of last delivery of materials, and indulgence by creditor will not extend time.*

   In absence of contract fixing time for payment for material, the law implies a contract to pay on delivery, debt being due on last delivery, and suit may be brought within one year from that date; but mere indulgence or forbearance on part of creditor will not extend time when lien will attach.

2. MECHANICS' LIENS.   *Lien is barred where suit was not brought until more than one year after default in monthly installments for materials.*

   Where materials were furnished under agreement for payment in monthly installments, failure to bring suit until more than one year after default in installments barred enforcement of mechanic's lien, as creditor could not waive the default and thereby extend the lien.

---

*Corpus Juris-Cyc. References; Mechanics Liens, 27 Cyc., pp. 111, n. 77; 149, n. 25; 340, n. 57, New; 341, n. 62.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Suit by A. S. Wade & Co. against R. A. Inerarity. From a judgment for plaintiff, defendant appeals. Reversed and judgment rendered.

*R. L. Bullard,* for appellant.

The lien having been barred by limitation before the suit was filed, defendant had a right to have the jury to return a verdict in his favor. The lien here involved is not one created by the parties that may exist and continue at their pleasure. It is a statutory lien,

governed entirely by the statute creating it. There must be a definite and fixed time for it to begin. After it does begin, it may be waived, but cannot be enlarged or extended in any manner by the act of the parties. *Jones* v. *Alexander,* 10 S. & M. 629; *Dinkins* v. *Powers,* 49 Miss. 219.

The creditor must rely upon the lien the statute gives him and pursue it within its terms or it is gone. The bare undertaking of the plaintiff to content himself with such monthly payments as the defendant chose to make was, if anything, an express abandonment of the lien, being a willingness to trust the defendant instead of his lien. *Doods* v. *Cavett,* 97 So. 813.

The defendant was clearly entitled to a peremptory instruction.

*Stevens & Heidelberg* and *Anderson & Anderson,* for appellee.

The original agreement with appellant was that the lumber was to be paid for in monthly payments, in such amounts as appellant should be able to pay. It was entirely competent for the parties to make such an agreement as this and each party was bound by such an agreement, if made. If the contract as to payments was as Mr. Edwards testifies, then his company could not have enforced any other terms. Having made a hard business bargain, appellee was bound thereby. 13 C. J. 520-1. There is nothing, therefore, in the contention that the terms described by Mr. Edwards are so indefinite that the entire debt became due upon delivery of the lumber. The contract as described by him was specific and enforceable by each party thereto. There was no mere promise to forbear suit. The time given in the contract, as described by Mr. Edwards, was a part of the original contract and was not an indulgence or an extension of time of the payments originally agreed on. These payments were provided for in the original contract and it

is not a case where the debt was due and there was an agreement to extend or an agreement to forbear suit upon certain terms. The statutory lien, therefore, was never interrupted. At no time until after November 22, 1923, was a default declared and an effort made to enforce the entire debt.

The case of *Ehler* v. *Elder,* 51 Miss. 495, cited by counsel for appellant, expressly held that parties may in the original contract postpone the time for payment and, consequently, the time when the statute of limitations as to the enforcement of the mechanic's lien will begin to run. See sec. 2422, Hemingway's Code.

There is nothing in the contention of counsel of appellant that appellee accepted independent security and waived its statutory lien, and there is nothing in the law forbidding the taking of additional security and a waiver of the statutory lien must be shown by clear proof where the additional security is not consistent with the lien. The statutory lien of a mechanic or materialman is not waived by merely taking additional security not inconsistent thereto. *Parberry* v. *Johnston,* 51 Miss. 291; *Smith* v. *Butts,* 72 Miss. 269, 16 So. 242.

Upon the whole record here, the finding of the jury is not only in accordance with the law but supported by the proof and should not be disturbed by this court.

Argued orally by *R. L. Bullard,* for appellant.

COOK, J., delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Forrest county in favor of the appellee in a suit filed by the appellee to enforce a materialman's lien against a certain dwelling house and lot belonging to the appellant, for the purchase price of lumber furnished to appellant and used in the construction of the house in question. The lumber was furnished by the appellee to the appellant during the month of March, 1922, while

the suit to enforce the lien was filed on the 16th day of August, 1924. To the petition a plea of the one-year statute of limitation was interposed averring that the lien was barred by reason of the fact that the petition had not been filed within one year after the material was furnished and the debt became due, and the only question presented for decision arises under this plea.

According to the testimony for the appellee, the lumber was furnished upon an agreement that the appellant should pay for the same in such sums monthly as he was able to pay, provided a payment of some amount was made each month. The last delivery of lumber was made on March 31, 1922, and a payment was made thereon in May following, but no further payment was made until September, 1922.

Where no time is fixed by contract to pay for material, the law implies a contract to pay on delivery, and if there have been several deliveries on one contract, the debt will, by implication, be due on the last delivery, and suit may be brought within one year from that date, but no mere indulgence or forbearance on the part of the creditor will extend the time when the lien will attach.

In the case of *Jones* v. *Alexander,* 10 Smedes & M. 627, the court said: "The lien appended by the statute to mechanics and others mentioned therein, gives them a preference over other creditors of a party, and, therefore, can only be claimed by those who bring themselves strictly within its provisions. Such statutory liens cannot be preserved if their beneficiaries deviate from the contract as originally made and secured by the statute. Parties will not be permitted to extend the time when the lien shall attach, and thus indefinitely postpone others less favored."

Applying these principles to the case at bar, it seems clear that the lien here sought to be enforced is barred. Conceding that under the contract to pay for the lumber in such monthly installments as the appellee was able to pay, provided a payment of some amount was

made each month, the debt was not due so long as the monthly payments were made, still the default in the payments under the contract rendered the debt due, and the creditor could not, by his indulgence, extend the time when the limitation of one year should begin. If the defaults of June, July, and August could be waived and the lien thereby extended, the creditor could, by indulgence or forbearance, extend the lien indefinitely; but as said in *Jones* v. *Alexander, supra,* "such . . . liens cannot be preserved if their beneficiaries deviate from the contract as originally made," and "parties will not be permitted" indefinitely "to extend the time when the lien shall attach."

The judgment of the court below will therefore be reversed, and judgment entered here for the appellant.

*Reversed, and judgment for appellant.*